**Troy BURGH, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

Court of Appeals Case No.
71A03-1611-CR-2669

Court of Appeals of Indiana.

June 23, 2017

ATTORNEY FOR APPELLANT: Jeffrey E. Kimmell, South Bend, Indiana

ATTORNEYS FOR APPELLEE: Curtis T. Hill, Jr., Attorney General of Indiana, Eric P. Babbs, Deputy Attorney General, Indianapolis, Indiana

Najam, Judge.

### Statement of the Case

■ Troy Burgh appeals his conviction for battery, as a Level 5 felony, following a bench trial.[1] Burgh raises a single issue for our review, namely, whether the State presented sufficient evidence to show that the battery was "committed with a deadly weapon." *See* Ind. Code § 35-42-2-1(g)(2) (2016). As a matter of first impression, we hold that, when the paved surface of a parking lot is used in a manner that makes that surface readily capable of causing serious bodily injury, a reasonable trier of fact may conclude that the battery was "committed with a deadly weapon." Thus, we affirm.[2]

### Facts and Procedural History

■ On May 12, 2016, Burgh and his girlfriend, Gabrielle Adams, got into a fight with Ashley Banghart in a CVS Pharmacy parking lot in Walkerton. During the fight, Burgh pulled Banghart to the ground, which was a paved asphalt surface. While Banghart was on the ground, Adams slammed Banghart's head onto the paved surface six times, which caused Banghart to suffer a concussion.

■ Thereafter, the State charged Burgh with, in relevant part, battery enhanced to

---

1. Burgh does not appeal his convictions for strangulation, a Level 6 felony, or battery, as a Class A misdemeanor.

2. We decide Burgh's appeal along with Gabrielle Adams' appeal, as Adams raises the same issue on appeal that Burgh raises. *See Adams v. State*, No. 71A05-1611-CR-2659, 2017 WL 2705665 (Ind. Ct. App. June 23, 2017). However, we have designated only Burgh's appeal as a for-publication opinion as his briefing on appeal was completed first.

a Level 5 felony for having been committed with a deadly weapon, namely, "the parking lot pavement." Appellant's App. Vol. 2 at 35. After a bench trial, the court found Burgh guilty, stating that "the asphalt was a deadly weapon in this case" and that Burgh aided, induced, or caused the battery. Tr. Vol. 2 at 140. The court entered its judgment of conviction and sentence accordingly, and this appeal ensued.

## Discussion and Decision

 ██ On appeal, Burgh contends that the evidence against him was insufficient to demonstrate that Adams battered Banghart with a deadly weapon. In particular, Burgh asserts that the paved surface of a parking lot cannot satisfy the deadly weapon enhancement that elevates battery from a Class B misdemeanor to a Level 5 felony. In reviewing the sufficiency of the evidence, we consider only the evidence and reasonable inferences most favorable to the conviction, neither reweighing the evidence nor reassessing witness credibility. *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016). We will affirm the judgment unless no reasonable fact-finder could find the defendant guilty. *Id.*

██ As relevant here, the Indiana Code provides that battery is a Level 5 felony when it is committed with "a deadly weapon." I.C. § 35-42-2-1(g)(2). The Indiana Code further defines "deadly weapon" to mean, among other things, any "material that in the manner it: (A) is used; (B) could ordinarily be used; or (C) is intended to be used; is readily capable of causing serious bodily injury." I.C. § 35-31.5-2-86(a)(2). And "serious bodily injury" is defined in relevant part as bodily injury that causes "extreme pain." I.C. § 35-31.5-2-292(3).[3]

██ ██ Thus, the Indiana Code has a broad and fact-sensitive definition of "deadly weapon." I.C. § 35-42-2-1(g)(2). In light of that statutory definition, we have repeatedly stated that whether an object is a "deadly weapon" on a given set of facts is determined from the nature of the object, the manner of its use, and the circumstances of the case. *E.g.*, *Gleason v. State*, 965 N.E.2d 702, 708 (Ind. Ct. App. 2012). We have further instructed that "[w]hether an object is a deadly weapon based on these factors is a question of fact. The original purpose of the object is not considered. Rather, the manner in which the defendant actually used the object is examined." *Id.*

██ In light of those standards, we conclude that a reasonable trier of fact may find that a paved surface constitutes a deadly weapon if the manner in which the defendant uses that surface is "readily capable of causing serious bodily injury." I.C. § 35-31.5-2-86(a)(2). And, on these facts, a reasonable fact-finder could easily reach that conclusion: Adams used the paved surface as a blunt object against which to smash Banghart's skull six times. In that sense, the paved surface is comparable to the use of a rock or similar object with which to hit a victim. The Indiana Supreme Court has held that the use of such an object in such a manner falls within the definition of a deadly weapon. *Majors v. State*, 274 Ind. 261, 263, 410 N.E.2d 1196, 1197 (1980). We conclude likewise here.

██ In sum, we reject Burgh's argument, in effect, that whether a defendant strikes a victim's head with an object or whether the defendant strikes a stationary object

---

3. We have held that loss of consciousness after being struck by a defendant is, by itself, sufficient to establish serious bodily injury, *Davis v. State*, 819 N.E.2d 91, 100-01 (Ind. Ct. App. 2004), *trans. denied*, and Burgh does not challenge the conclusion implicit in his conviction that Banghart suffered serious bodily injury. We also note that the State did not charge Burgh under Indiana Code § 35-42-2-1(g)(1), which enhances battery to a Level 5 felony if the battery resulted in serious bodily injury.

with the victim's head is relevant to the determination of whether that object was a "deadly weapon." Either way, the touching and the impact are the same. While we commonly think of a weapon as a moveable object, as this case illustrates a stationary object can also be used as a weapon. A paved surface is "other material" that is "readily capable of causing serious bodily injury" depending on the manner in which the surface is actually used. I.C. § 35-31.5-2-86(a)(2). We also reject Burgh's argument that a paved surface was not within our General Assembly's contemplation when it defined "deadly weapon"; on this point, the broad and fact-sensitive language of Indiana Code Section 35-31.5-2-86(a)(2) speaks for itself. Accordingly, we affirm Burgh's conviction for battery, as a Level 5 felony.

Affirmed.

Riley, J., and Bradford, J., concur.